UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TAMMY NELSON AND CALVERT NELSON                                             PLAINTIFFS

V.                                                                CAUSE NO.: 3:11-CV-223-DPJ-FKB

NATIONWIDE MUTUAL INSURANCE COMPANY;
NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY; UPSHAW, WILLIAMS, BIGGERS
& BECKHAM, LLP; PATRICK M. TATUM;
AND GEORGE BROWN                                                            DEFENDANTS

ORDER

This insurance dispute is before the Court on Plaintiffs Tammy and Calvert Nelsons' Motion to Remand [8], Defendant George Brown's Motion to Dismiss [3], and Defendants Patrick Tatum's and Upshaw, Williams, Biggers & Beckham, LLP's ("Upshaw") Motion to Dismiss, or in the Alternative, for Summary Judgment and for Attorney's Fees and Expenses [15]. All Motions have been fully briefed by the parties. The Court, having considered the parties' submissions and the applicable law, concludes that the Nelsons' Motion to Remand [8] should be denied. Because the Court's denial of the Nelsons' Motion to Remand [8] is based on a finding that the Nelsons have no reasonable possibility of recovery against Brown, Tatum, and Upshaw (resident defendants), Brown's Motion to Dismiss [3] is granted and Tatum's and Upshaw's Motion [15] is also granted.

I.      FACTS AND PROCEDURAL HISTORY

Tammy and Calvert Nelson held a homeowner's insurance policy through Nationwide Mutual Insurance Company ("Nationwide").[1]  In September 2009, the Nelsons' home burned, and the City Fire Department attributed the blaze to arson.

After the Nelsons made a claim on their homeowner's insurance, Nationwide requested sworn examinations under oath ("EUOs").  The record reflects no dispute that the Nelsons agreed to allow Nationwide to take their EUOs.  Attorney Patrick Tatum of the Upshaw law firm conducted the EUOs in the presence of Nationwide representative George Brown.  Following the EUOs, Nationwide denied coverage for the Nelsons' claim.

The Nelsons then filed suit in state court against Nationwide, Brown, Tatum, and Upshaw.  The Nelsons allege counts of false imprisonment and intentional infliction of emotional distress (IIED) against all defendants.   They also allege counts of breach of contract, tortious breach of contract, and bad faith refusal to tender insurance proceeds against Nationwide only.

Nationwide removed the suit to federal court, arguing improper joinder of non-diverse Defendants Brown, Tatum, and Upshaw.  The Nelsons have moved to remand the case back to state court, and Nationwide opposes the Motion.  Brown now moves to dismiss, and Tatum and Upshaw move to dismiss or alternatively for summary judgment and sanctions.

---

[1]Specifically, Nationwide Mutual Insurance Company issued the homeowner's policy through its subsidiary, Nationwide Mutual Fire Insurance Company.  Both entities are referenced collectively herein as "Nationwide."

II.	STANDARDS OF REVIEW

    A.	Motion to Remand

"The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal." *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). In evaluating a claim of improper joinder, the "appropriate test is whether there is any reasonable basis for predicting the plaintiffs might be able to recover against . . . the in-state defendant." *Jones v. Gen. Motors Corp.*, No. 3:06-CV-608, 2007 WL 1610478, at *1 (S.D. Miss. June 1, 2007) (quoting *Love v. Ford Motor Co.,* 212 F. App'x 292, 294 (5th Cir. 2006)). But "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 n.9 (5th Cir. 2004) (en banc) (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

A district court should ordinarily resolve an improper joinder claim by conducting Rule 12(b)(6)-type analysis. *Id.* at 573. The Court "must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *B., Inc. v . Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Similarly, the Court must resolve all ambiguities in controlling state law in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (citations omitted). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined." *Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004) (citing *Badon*,

224 F.3d at 392–93).  Finally, "there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."  *Smallwood*, 385 F.3d at 573.  In such cases, the district court has the discretion to "pierce the pleadings" and conduct a summary inquiry.  *Id.*

  B. Motions to Dismiss

  In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555 (emphasis added) (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.,* 541 F.3d 584, 587 (5th Cir. 2008) (citing *Iqbal*, 129 S. Ct. at 1965).

C.	Motions for Summary Judgment

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The non-moving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324 (citation omitted).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075.  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.    ANALYSIS

    A.    Motion Remand

        1.    12(b)(6)-Type Analysis

The Nelsons claim that Brown's, Tatum's, and Upshaw's "conduct during the EUO rises to the level of the independent torts of false imprisonment and intentional infliction of emotional distress." Pl.s' Mem. [9] at 6. If, under Mississippi law, there exists no reasonable basis for predicting success on these claims, then the Motion to Remand should be denied. *Smallwood*, 385 F.3d at 573.

A prima facie case of false imprisonment has two elements: "(1) detention of the plaintiff; and (2) that such detention was unlawful." *Wallace v. Thornton*, 672 So. 2d 724, 727 (Miss. 1996). Detention requires proof that the defendant employed "force or violence," or that the plaintiff submitted upon "reasonably apprehended force." *Martin v. Santora*, 199 So. 2d 63, 65 (Miss. 1967). "The circumstances merely that one considers himself restrained in his person is not sufficient to constitute false imprisonment unless it is shown that there was a reasonable ground to have believed defendant would resort to force if plaintiff attempted to assert her right to freedom." *Id.; see also State ex rel. Powell v. Moore*, 174 So. 2d 352, 355 (Miss. 1965) ("It is essential, however, that the restraint be against the plaintiff's will; if he agrees of his own choice to surrender his freedom of motion, as by accompanying the defendant voluntarily to clear himself of an accusation, rather than yielding to the constraint of a threat, there is no imprisonment.") (citations omitted); *Mayweather v. Isle of Capri Casino, Inc.*, 996 So. 2d 136, 141 (Miss. App. 2008) (affirming summary judgment because plaintiff consented to questioning). If actual detention is established, the second prong "turns on whether, looking at

the totality of the circumstances, the actions of the defendant were 'objectively reasonable in their nature, purpose, extent and duration.'" *Whitten v. Cox*, 799 So. 2d 1, 9 (Miss. 2000) (citations omitted).

To state a prima facie case of IIED, plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001) (citations omitted).

The Nelsons fall well short of stating viable false imprisonment or IIED claims. For the most part, the Complaint merely recites the legal standards—as does the Motion to Remand. But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

The only relevant factual averments are that Brown attended the EUO and that the conduct of the EUOs was "unreasonable and hostile." *See* Notice of Removal [1] Ex. A, Compl. ¶¶ 18, 19. Brown's attendance is neither disputed nor actionable. And the Nelsons' characterization of the EUOs Tatum conducted is simply a conclusory allegation that is of no moment. *See Iqbal*, 129 S. Ct. at 1949. More significantly, no averments suggest that any defendant held the Nelsons against their will. *See Martin*, 199 So. 2d at 65. Likewise, there are no factual allegations capable of supporting a claim that the EUOs were "so extreme in degree, as to go beyond all possible bounds of decency." *Speed*, 787 So. 2d at 630. The Nelsons'

the totality of the circumstances, the actions of the defendant were 'objectively reasonable in their nature, purpose, extent and duration.'" *Whitten v. Cox*, 799 So. 2d 1, 9 (Miss. 2000) (citations omitted).

To state a prima facie case of IIED, plaintiff must allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001) (citations omitted).

The Nelsons fall well short of stating viable false imprisonment or IIED claims. For the most part, the Complaint merely recites the legal standards—as does the Motion to Remand. But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

The only relevant factual averments are that Brown attended the EUO and that the conduct of the EUOs was "unreasonable and hostile." *See* Notice of Removal [1] Ex. A, Compl. ¶¶ 18, 19. Brown's attendance is neither disputed nor actionable. And the Nelsons' characterization of the EUOs Tatum conducted is simply a conclusory allegation that is of no moment. *See Iqbal*, 129 S. Ct. at 1949. More significantly, no averments suggest that any defendant held the Nelsons against their will. *See Martin*, 199 So. 2d at 65. Likewise, there are no factual allegations capable of supporting a claim that the EUOs were "so extreme in degree, as to go beyond all possible bounds of decency." *Speed*, 787 So. 2d at 630. The Nelsons'

Motion to Remand is denied because there is no reasonable basis for predicting success against Brown, Tatum or Upshaw.[2]

    2.    Piercing the Pleadings

Piercing the pleadings on summary review yields no better result for the Nelsons. A court may pierce when the plaintiff has "omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. Considering the undisputed record evidence leaves no doubt that these claims must be dismissed.

The Nelsons voluntarily appeared for the EUO. *See* Def.'s Mot. [15] Ex. D. Their claims are thus premised on Defendants' "conduct" during the EUOs, not the fact that one was taken. Notice of Removal [1] Ex. A, Compl. ¶ 9. The transcripts attached to Tatum's Motion provide the best evidence of that conduct. Def.'s Mot. [15] Exs. B, C. As an initial matter, there is nothing in the record suggesting that Tatum—or anyone else—used force or violence to keep the Nelsons at the EUOs. Nor is there any evidence suggesting that the Nelsons entertained a reasonable apprehension that force would be used by this member of the bar. They were never told they could not leave, and they never asked to leave. Nor was the questioning particularly pointed—there were no arguments or confrontations, and Tatum handled the EUOs with complete professionalism. All of this is highlighted by the Nelsons' failure to identify a single

---

[2]The Nelsons argue that they pled the facts supporting these claims "as specifically as possible." Pl.'s Mem. [9] at 9. The statement is probably true. As discussed below, the transcripts from the two EUOs reveal no specific statements that could create liability. Finally, it is worth noting that "hostile" questioning—which might seem unreasonable in some settings—is not uncommon in legal settings. But the Court need not address the dubious argument that conduct short of actual force or violence could rise to a level sufficient for civil liability in this context because the conduct exhibited in these EUOs was benign.

statement from either EUO that was legally actionable. Thus, even with piercing, the Motion to Remand still fails.[3]

B.     Motions to Dismiss or Alternatively for Summary Judgment

For the reasons stated, the Nelsons' claims against Brown, Tatum and Upshaw are due to be dismissed under Rule 12(b)(6). Tatum and Upshaw's alternative motion under Rule 56(a) would likewise succeed. Finally, contrary to the Nelsons' arguments, this Court gained jurisdiction over the non-removing defendants and their motions once Nationwide removed the case from state to federal court. *Farias v. Bexar Co. Bd. of Trustees*, 925 F.2d 866, 873 (5th Cir. 1991).

C.     Motion for Sanctions

Tatum and Upshaw seek Rule 11 sanctions for filing frivolous claims against them. Rule 11 permits sanctions when an attorney improperly certifies "that the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The undersigned considers this portion of the Motion with somber reflection. Nevertheless, sanctions are regrettably in order.[4]

As noted above, there is nothing in the transcripts of the two EUOs suggesting that any force or violence was used against the Nelsons or that they held any apprehension that force

---

[3] Having found that the non-diverse defendants were improperly joined, the Court concludes that they were not required to join in the Notice of Removal. Only "defendants who are *properly* joined and served must join in the removal [notice]." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (emphasis added).

[4] Because the violation arises under Rule 11(b)(2), sanctions are imposed against counsel. Fed. R. Civ. P. 11(c)(5)(A).

would be used.  Likewise, there was no outrageous conduct.  The EUOs were in every sense garden-variety events that were conducted in a professional manner.  When the Nelsons' attorneys were forced to defend the claims, they cited no factually relevant legal authority and offered no explanation as to the specific aspects of the EUOs that were supposedly actionable.  The claims were an obvious attempt to defeat jurisdiction and were in every way frivolous.  Finally, if counsel prevailed on the Motion to Remand, it would subject every member of the bar to potential civil liability for merely asking questions in an EUO or perhaps even a deposition.  Such a ruling would chill the duty to diligently and zealously represent clients.

The Court determines that reasonable attorneys' fees and expenses should be awarded.  If the parties cannot agree on an amount within 15 days of this order, Tatum and Upshaw are instructed to file a supplement providing sufficient documentation of the fees incurred.  Plaintiffs' counsel shall be granted 14 days to respond.

IV.     CONCLUSION

Based on the foregoing, the Nelsons' Motion to Remand [8] is denied.  Brown's Motion to Dismiss [3] is hereby granted.  Tatum's and Upshaw's Motion to Dismiss, or in the Alternative, For Summary Judgment and for Attorney's Fees and Expenses [15] is likewise granted.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE